# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Ashton James Reese, | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CONSENT TO REMOVAL** |
| Richland School District Two, Dr. | ) | |
| Baron R. Davis, in his official capacity | ) | |
| as principal of Spring Valley High | ) | |
| School, and Ben Fields, in his official | ) | |
| capacity as a Richland County | ) | |
| Deputy and School Resource Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The undersigned, as counsel of record for the Defendant Ben Fields, in his official capacity as a Richland County Deputy and School Resource Officer in the above-captioned matter, having read the Notice of and Petition for Removal on behalf of Defendants Richland School District Two, Dr. Baron R. Davis, in his official capacity as principal of Spring Valley High School and its exhibits, hereby acknowledges that on November 7, 2013, he gave his consent that this action be removed from the Court of Common Pleas in the County of Richland, State of South Carolina, to the United States District Court for the District of South Carolina.

The undersigned counsel further acknowledges his consent to and joins in the Notice of and Petition for Removal filed by Vernie L. Williams and Jasmine Rogers Drain, on behalf of the Defendants Richland School District Two, and Dr. Baron R. Davis, in his official capacity as principal of Spring Valley High School in the above-referenced action.

1

Respectfully submitted,

DAVIDSON & LINDEMANN, P.A.

BY:    *s/ Robert D. Garfield*
       ROBERT D. GARFIELD
       Federal I.D. No. 7799
       Post Office Box 8568
       Columbia, South Carolina 29202
       T: (803) 806-8222
       e-mail: rgarfield@dml-law.com

*Counsel for the Defendants Ben Fields,*
*in his official capacity as a Richland*
*County Deputy and School Resource Officer*

Columbia, South Carolina

November 7, 2013

Exhibit "B"

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
    )    FOR THE FIFTH JUDICIAL CIRCUIT
    )
COUNTY OF RICHLAND )

**2013CP400**ᜃᔆ

ASHTON JAMES REESE, )    Case No.:
    )
    Plaintiff,    )
    )
    vs.    )
    )
RICHLAND SCHOOL DISTRICT )    **SUMMONS**
TWO, DR. BARON R. DAVIS, in his )    **(Jury Trial Demanded)**
official capacity as principal of Spring )
Valley High School, and BEN FIELDS, )
his official capacity as a Richland )
County Deputy and school resource )
officer, )
    )
    Defendants.    )
_____ )

**TO :   THE ABOVE-CAPTIONED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** and required to answer the complaint herein,

a copy of which is herewith served upon you, and to serve a copy of your answer to this

complaint upon the subscriber, at the address shown below, within thirty (30) days after

service hereof, exclusive of the day of such service, and if you fail to answer the

complaint, judgment by default will be rendered against you for the relief demanded in

the complaint.

Attorney for Plaintiff
Reginald I. Lloyd, Esquire

THE LLOYD LAW FIRM, LLC

715 W. DeKalb Street
Post Office Box 1555
Camden, South Carolina 29021
(803) 432-0004
reggie@lloydlawfirm.net

Camden, South Carolina

This _14th_ day of _October_, 2013.

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
                         )    FOR THE FIFTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND       )

**2013CP400**̲6̲2̲9̲5̲

ASHTON JAMES REESE,      )    Case No.:
                         )
        Plaintiff,       )
                         )
    vs.                  )
                         )
RICHLAND SCHOOL DISTRICT )        **COMPLAINT**
TWO, DR. BARON R. DAVIS, in his )   **(Jury Trial Demanded)**
official capacity as principal of Spring )
Valley High School, and BEN FIELDS, )
his official capacity as a Richland )
County Deputy and school resource )
officer,                 )
                         )
        Defendants.      )
————————————————————————

**NOW COMES** the Plaintiff, herein, complaining of the Defendants, who would

respectfully allege, state, and show unto this Honorable Court as follows:

### STATEMENT OF SUBJECT MATTER JURISDICTION

1.      This civil action is based upon the common law and statutes of the State of South

Carolina, as well as the United States Constitution and this Court has subject matter

jurisdiction pursuant to S.C. Constitution Art. V, § 11, the South Carolina statutes and

common law, and 42 U.S.C. § 1983 and § 1988.

### STATEMENT OF PERSONAL JURISDICTION AND VENUE

2.      This Court has personal jurisdiction over the Defendants as these Defendants

reside in Richland County, South Carolina.  Further these Defendants routinely and

regularly conduct business and their public duties in Richland County, South Carolina.

3.    Venue is proper in Richland County, South Carolina pursuant to S.C. Code Ann. §§ 15-7-20(2) and 15-7-30.

## STATEMENT OF THE PARTIES

4.    The Plaintiff is a citizen and resident of Richland County, State of South Carolina, and, at all times relevant herein, was a student enrolled at Spring Valley High School, which is a part of the Richland School District Two.

5.    The Defendant Richland School District Two is a governmental agency of the County of Richland, a political subdivision of the State of South Carolina.

6.    The Defendant Dr. Baron R. Davis is the principal of Spring Valley High School, and, at all times relevant herein, was acting in his official capacity as an employee of Richland School District Two and Spring Valley High School.

7.    The Defendant Ben Fields is the School Resource Officer assigned to Spring Valley High School, and, at all time relevant herein, was acting in his official capacity as a deputy sheriff and employee of the Richland County Sheriff's Department.

8.    Additionally, at all times relevant herein, Defendant Fields was acting in an investigatory role on behalf of Spring Valley High School and Richland School District Two.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

9.    On or about February 13, 2013, Defendant Davis, as principal of Spring Valley High School, sent a letter to Dr. Katie Brochu, then Superintendent of Richland School District Two, suspending Plaintiff from the school and recommending Plaintiff for expulsion.

10.    Defendant Davis' stated grounds for the recommended expulsion of Plaintiff was for "unlawful assembly of gang activity and assault and battery."

11.    By letter dated February 14, 2013, Ms. Lottie S. Chishom ("Chishom"), Director of Student Services for Richland School District Two, informed Plaintiff's parents, Mr. and Mrs. Lamuel Taylor, that Plaintiff had been recommended for expulsion from school by Defendant Davis and, further, informing Plaintiff's parents of the date, time and location of Plaintiff's due process hearing.

12.    Chishom's letter also informed Plaintiff's parents of their right to have legal counsel "and all other legal rights, including the right to question all person presenting information at the due process hearing."

13.    The Defendants provided Plaintiff with some documents prior to his due process hearing as evidence purporting to support their decision to suspend and recommend Plaintiff for expulsion.

14.    Among the documents provided by the Defendants were Plaintiff's "Student Data Report," school transcript, discipline referral sheets, "Individual Student Report," "Overall School Administrative Summary," and Richland County Sheriff's Department Incident Reports.

15.    The Overall School Administrative Summary claims that "after a detailed investigative study," the school decided to suspend and recommend for expulsion "all of the students who were identified in the 'gang related activity' that took place in the Walmart parking lot near the school."

16.    The Summary contends that the school's decision was based on several factors, including the following:  (1) the affected students willfully participated in planning the

gang-related activity on campus; (2) the students willfully participated in the gang-related meeting which was held right after school; (3) the news of the gang-related meeting created a tense atmosphere, especially during lunch in the days that followed the event; and (4) that Defendant Fields later learned that this same group of students attempted a gang "beat-in" at Spring Valley Apartments the day previous to this relevant event.

17.    Based upon the listed reasons,  the school administration "determined that this incident had a direct impact on the school environment and first and foremost safety of the students at Spring Valley High School, thus leading to the schools recommendation for expulsion and charge of Breach of Peace."

18.    According to a Richland County Sheriff's Department Incident Report dated February 1, 2013, on January 30, 2013, Sheriff's Deputy J. Bradley, also a Spring Valley High School Resource Officer, was dispatched in reference to a "large crowd" gathered behind the Wal-Mart near Spring Valley High School.

19.    Deputy Bradley's report indicates that while he was responding to the scene, he stopped to question three males walking "about where they were going." The report continues that while questioning the three males, Deputy Bradley saw a group of "bystanders" near two large crates behind the Wal-Mart.

20.    According to Deputy Bradley, once he arrived behind the Wal-Mart, "the crowd then ran toward different direction and [he] observed three black males, without their shirts on, jump into a black in color Chevy Camero," which "fled the scene at a high speed." Deputy Bradley states that he was able to identify the three males as students of Spring Valley High School. Deputy Bradley further states that he observed a young

male with a bloody nose and offered him medical assistance. That assistance was refused and the young male left in a cab, along with his sister.

21.    According to the Incident Report, Deputy Bradley returned the next day a retrieved the store's surveillance video for evidence of a fight.

22.    The Plaintiff was not identified or mentioned in Deputy Bradley's Incident Report. For reasons unknown to Plaintiff, Deputy Fields "took over" the "investigation" of the January 30 incident in replacement of Deputy Bradley.

23.    In a Supplementary Report, dated February 4, 2013, Defendant Fields states that the incident behind the Wal-Mart was a "huge gang fight." Fields states that the fight was an attempt to unite three separate gangs at the school. Fields also states in his report that Plaintiff "was also identified by no less than 4 sworn statements and was seen on camera fighting. He [Plaintiff] is also part of Top Flight [an alleged gang] through self-admission."

24.    Defendant Fields further states that "all subjects listed were charged with Breach of Peace and warrants were signed on them."

25.    Even though Plaintiff was never interviewed about this incident by Defendant Fields or any Spring Valley High School administrative personnel, the Individual Student Report claims that Plaintiff is a member of an alleged gang named "Top Flight" and is also a "self-admitted" member of the "FOLK" gang.

26.    Plaintiff denies that he is a member of "Top Flight," "FOLK," "Folk Nation," or any other gang.

27.    Plaintiff's due process hearing was held on two days. The first hearing day occurred on March 11, 2013 and the second day occurred on March 26, 2013. At the

March 11 hearing, the school presented Ms. April Shell, Spring Valley High School
Assistant Principal, as a witness. On March 26, the sole witness presented was
Defendant Fields.

28.     Ms. Shell's testimony revealed that the school's "investigation" of the January 30
incident was conducted primarily by Defendant Fields and the school's administrators'
role in the "investigation" was primarily as passive observers of some of Defendant
Fields' interviews of students.

29.     Ms. Shell was unable and unwilling to provide Plaintiff with the names of students
or written statements of students who implicated Plaintiff in any way with participating in
gang activity or organizing the January 30 incident.

30.     Ms. Shell also testified that the "tense atmosphere" at the school the day after the
January 30 incident consisted of a group of students who gathered near the school
cafeteria and appeared to be talking about the fight. Shell further testified that those
students calmly moved to lunch or class when instructed to do so by school personnel.

31.     Ms. Shell's testimony revealed that there were no confrontations, threats, or
fights at the school as a result of an off-campus fight on January 30.

32.     Although due process required that Plaintiff have a unbiased, fair hearing officer,
the hearing officer, Ms. Chishom, repeatedly attempted to and did interject answers to
Plaintiff counsel's questions to Ms. Shell.

33.     On March 26, Defendant Fields appeared as a school district witness.

34.     Even though nearly all, if not all, of the information relied upon by Spring Valley
High School to recommend expulsion of Plaintiff was gathered by Defendant Fields, he

refused to provide names of students implicating Plaintiff or copies of written statements from students regarding the January 30 incident.

35.    In fact, Defendant Fields stated that "his" files could only be reviewed if the Plaintiff was criminally charged and the request was made through the criminal discovery process.

36.    At no time have the Defendants provided Plaintiff with the names of students who provided any information regarding this incident or with copies of written statements of students reviewed or considered by the Defendants prior to recommending Plaintiff for expulsion.

37.    Defendants' failure and refusal to provide all information relied upon to recommend Plaintiff for expulsion violated his rights under S.C.Code Ann. § 59-63-230, which provides that students shall have the "right to legal counsel and to all other regular legal rights, including the right to question all witnesses."

38.    Following the defective due process hearing, the hearing officer, Ms. Chishom, issued a decision agreeing with the recommendation of expulsion of Plaintiff from Spring Valley High School.

39.    Plaintiff filed an appeal of the hearing officer's decision to the Richland School District Two Board. The Board considers decisions to expel a student in a semi-judicial capacity.

40.    Without notifying Plaintiff, Plaintiff's parents, or Plaintiff's counsel of its meeting to consider the hearing officer's decision to expel Plaintiff, during a school board meeting, the Board allegedly reviewed the matter and voted to uphold the expulsion decision.

41.    The Board's failure to provide notice and an opportunity to be heard to Plaintiff, violated Plaintiff's right to due process, as well as failed to meet the Board's duties as a semi-judicial body.

42.    Upon information and belief, some students who were alleged to have participated in the January 30 off-campus fight were never suspended nor recommended for expulsion.

43.    Upon information and belief, among the students accused of participating in the January 30 off-campus fight, only Plaintiff has been denied the opportunity to return to Spring Valley High School, or another Richland School District Two high school, for the 2013-14 school year.

44.    Upon information and belief, Defendant Fields unfairly and recklessly targets African-American students with allegations of gang membership and criminal gang activity.

45.    Upon information and belief, Defendants routinely abdicate their roles and responsibilities as school administrators by deferring to Defendant Fields' bias and reckless allegations and behavior toward Plaintiff, other students, and parents.

46.    At the start of the 2013-14 school year, Richland School District Two informed the Plaintiff that he could not re-enroll at Spring Valley High School.  Instead, The school district required Plaintiff to attend its adult education program.

47.    Upon information and belief, the reason for the school district requiring Plaintiff to attend its adult education program is that he could not complete his required class credit for graduation prior to Plaintiff turning twenty-one (21) years of age.

48.    Upon information and belief, Plaintiff could, in fact, graduate prior to turning twenty-one (21) years of age if Spring Valley High School placed him in classes earning graduation credits, rather than continuing to rescheduling Plaintiff into non-graduation earning credit courses.

49.    Upon information and belief, the Defendants are still attempting to punish Plaintiff for challenging Plaintiff's suspension and expulsion at the end of the 2012-13 school year.

50.    Defendant's continued discriminatory treatment of Plaintiff is arbitrary, capricious, and motivated by ill-will.

51.    For example, on or about August 14, 2013, the Plaintiff was notified by Cleveland J.C. Smith ("Smith"), Executive Director of Administrative Services for Richland School District Two, that the Board of Trustees approved Plaintiff's readmission to Richland School District Two but only "for the purpose of attending the district's Adult Education Program."

52.    Upon information and belief, the adult education program is an online program that requires only occasional visits to a physical site for purposes of taking class tests.

53.    The adult education program requires the Plaintiff to pay the school district per credit hours for classes taken through that program.

54.    Plaintiff has been denied the opportunity to either return to Spring Valley High School or to take free online classes through the school district's charter school program.

55.    Upon information and belief, school district personnel have offered varying explanations for why Plaintiff has to attend the adult education program, including the

explanation that Plaintiff would turn twenty (20) years old prior to achieving enough credit hours for graduation.

56.    Upon information and belief, Plaintiff would achieve more that enough credit hours for graduation well before turning twenty (20) years of age if allowed to attend either Spring Valley High School or the school district's charter school program for free.

57.    Upon information and belief, Plaintiff is receiving far harsher discipline than other similarly situated students have received in the past for similar offenses.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Fourteenth Amendment Procedural Due Process)

58.    Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

59.    Plaintiff has clearly established property interests in the right to attend a free public school.

60.    Plaintiff's property interests are protected by the Fourteenth Amendment of the U.S. Constitution and are enforceable against these Defendants through 42 U.S.C. § 1983.

61.    By failing to satisfy the all of the procedural requirements of S.C.Code Ann. § 59-63-230  and by failing to provide a meaningful opportunity to appear at an expulsion appeal hearing before the school board, the Defendants have denied Plaintiff his right of procedural due process under the Fourteenth Amendment to the U.S. Constitution.

62.    Plaintiff is entitled to actual and punitive damages for Defendants' violations of his procedural due process rights.

## FOR A SECOND CAUSE OF ACTION
### (Negligence)

63.    Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

64.    The Defendants are liable for their torts in the same manner and to the same extent as a private individual acting under like circumstances.

65.    At all times relevant to the treatment of Plaintiff, the Defendants have acted in a grossly negligent manner by failing to follow statutory requirements relating to the conduct of expulsion proceedings, by failing to provide a fair and impartial hearing officer, by failing to provide minimum and reasonable opportunity to be heard at the expulsion appeal hearing, and by continuing to deny Plaintiff readmission to a free public education.

66.    The Defendants failed to exercise even slight care in ensuring that Plaintiff was treated equally with all other similarly situated students and failed to exercise even slight care in protecting Plaintiff's substantive and procedural due process rights.

67.    The Defendants acted in a grossly negligent manner toward Plaintiff and have caused him past and ongoing harm.

68.    Plaintiff is entitled to actual damages for Defendants' grossly negligent conduct toward him.

### FOR A THRID CAUSE OF ACTION
### (Violation of Substantive Due Process)

69.    Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

70.    Plaintiff has a constitutionally protected property interest in receiving a public education.

71.    At all relevant times, Defendants have acted to deprive Plaintiff of the opportunity to receive a free public education in a manner that is arbitrary, capricious, unlawful and in violation of Plaintiff's due process rights under the state and federal constitutions.

72.    The Defendants lack any good faith basis to deny Plaintiff readmission to Spring Valley High School or the free charter school program and Defendants are acting on the basis of retaliation against Plaintiff for exercising constitutional and statutory rights, as well as acting on the basis of ill-will and improper motivation.

73.    Defendants' actions have caused Plaintiff past and ongoing harm and he is entitled to the recovery of actual and punitive damages.

**WHEREFORE**, Plaintiff respectfully prays for a jury trial of this matter; for actual and punitive damages, in the appropriate amount; for attorney's fees and the costs of this action; and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

THE LLOYD LAW FIRM, LLC

By: _____

Reginald I. Lloyd, Esquire
715 West DeKalb Street
Post Office Box 1555
Camden, South Carolina  29021
803-432-0004 (phone)
803-432-0660 (fax)
lloydlaw3@gmail.com

Attorneys for the Plaintiff.

Camden, South Carolina

This _14th_ day of _October_, 2013.

# Exhibit "C"

STATE OF SOUTH CAROLINA )
           )  IN THE COURT OF COMMON PLEAS
COUNTY OF RICHLAND   )
           )
           )
Ashton James Reese,    )
           )  C.A. No. 2013-CP-40-06295
  Plaintiff,      )
           )
vs.          )  **NOTICE OF FILING NOTICE OF**
           )       **REMOVAL**
Richland School District Two, Dr. Baron )
R. Davis, in his official capacity as )
principal of Spring Valley High School, )
and Ben Fields, in his official capacity as )
a Richland County Deputy and school )
resource officer,     )
           )
  Defendants.    )

TO: REGINALD I. LLOYD, ESQ., ATTORNEY FOR PLAINTIFF

   PLEASE TAKE NOTICE that on November 7, 2013, Defendants Richland School

District Two and Dr. Baron R. Davis in the above-entitled action, with the consent of Defendant

Ben Fields as reflected in **Exhibit A** attached hereto, are filing a Notice of Removal, a copy of

which is attached hereto as **Exhibit B**, of the above-entitled action to the United States District

Court for the District of South Carolina, Columbia Division.

   You are also advised that Defendants Richland School District Two and Dr. Baron A.

Davis, on filing such notice in the Office of the Clerk of Court of the United States District Court

for the District of South Carolina, Columbia Division, are also filing copies of it with the Clerk

of Court, Richland County, South Carolina to effect removal pursuant to 28 U.S.C. Section

1446(d).

        Respectfully submitted,

        CHILDS & HALLIGAN, P.A.

    By: _____

Vernie L. Williams, S.C. Bar No. 9511
vwilliams@ childs-halligan.net

Jasmine Rogers Drain, S.C. Bar No. 76156
jdrain@childs-halligan.net

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Defendants Richland School District
Two and Dr. Baron R. Davis

November 7, 2013

Columbia, South Carolina

## CERTIFICATE OF SERVICE BY MAIL

The undersigned of Childs & Halligan, P.A., hereby certifies that she has served the following counsel of record with the foregoing **NOTICE OF FILING NOTICE OF REMOVAL** by mailing a copy of same, postage prepaid and return address clearly indicated, to the following on this 7th day of November, 2013:

Reginald I. Lloyd, Esq.
The Lloyd Law Firm, LLC
715 West Dekalb Street
Post Office Box 1555
Camden, SC  29021

Ashley N. Bailey