IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ashton James Reese, ) | Civil Action No. 3:13-cv-03040-TLW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ANSWER TO COMPLAINT ON** |
| ) | **BEHALF OF DEFENDANT FIELDS** |
| Richland School District Two, Dr. ) | |
| Baron R. Davis, in his official capacity ) | **(Jury Trial Demanded)** |
| as principal of Spring Valley High ) | |
| School, and Ben Fields, in his official ) | |
| capacity as a Richland County ) | |
| Deputy and School Resource Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Defendant Ben Fields, in his official capacity as a Richland County Deputy and School Resource Officer hereby answers the Complaint of the Plaintiff and filed in the Court of Common Pleas for Richland County on October 16, 2013 as follows:

### FOR A FIRST DEFENSE

1. The Summons and Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE

2. This Defendant denies each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

### FOR A THIRD DEFENSE

3. Paragraph One (1) is jurisdictional in nature, can neither be admitted nor denied, and this Defendant craves reference thereto. This Defendant further craves reference to the Constitution of the United States and 42 U.S.C. §1983 as to his

1

applicability to this action.  This Defendant denies that any of the Plaintiff's causes of action are meritorious.

4.      Paragraph Two (2) is jurisdictional in nature, can neither be admitted nor denied, and this Defendant craves reference thereto.

5.      That as to Paragraph Three (3), this Defendant asserts that any allegation regarding venue is jurisdictional in nature, can neither be admitted nor denied, and this Defendant craves reference thereto.

6.      That as to Paragraph Four (4), this Defendant only admits upon information and belief that the Plaintiff is a citizen and resident of Richland County, State of South Carolina and at various times was enrolled at Spring Valley High School, which is a part of the Richland School District Two.  Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

7.      Paragraphs Five (5) and Six (6) contain allegations against other Defendants, and therefore, requires no response by this Defendant.  To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

8.      That as to Paragraphs Seven (7) and Eight (8), the Defendant Fields admits that at all relevant times in the Complaint, he was acting within the course and scope of his employment and official duties as a Richland County Deputy Sheriff, as well as under the color of state law.  Further responding, the Defendant Fields admits that at all relevant times, he was assigned by the Sheriff to work at Spring Valley High School solely in a law enforcement capacity.  Except as stated herein, this Defendant denies these paragraphs as stated and demands strict proof thereof.

9. Paragraphs Nine (9), Ten (10), Eleven (11), Twelve (12), and Thirteen (13), contain allegations against other Defendants, and therefore, requires no response by this Defendant. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

10. Upon information and belief, Paragraphs Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) contain allegations against other Defendants, and therefore, requires no response by this Defendant. Further answering, this Defendant craves reference to the contents of the Overall School Administrative Summary or other listed documents for the most accurate evidence of what is contained therein. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

11. That as to Paragraphs Eighteen (18), Nineteen (19), Twenty (20), and Twenty-one (21), upon information and belief this Defendant denies same as stated and demands strict proof thereof. Further answering, this Defendant craves reference to the contents of any and all incident reports for the most accurate evidence of what is contained therein.

12. That as to the first sentence of Paragraph Twenty-two (22), this Defendant denies same as stated upon information and belief. Further answering, this Defendant craves reference to the contents of any and all incident reports for the most accurate evidence of what is contained therein. That as to the second sentence of Paragraph Twenty-two (22), the Defendant Fields only admits that he conducted and/or participated in a law enforcement-related investigation with respect to the relevant

3

events. Except as stated herein, this Defendant denies this paragraph as stated and demands strict proof thereof.

13. That as to Paragraphs Twenty-three (23) and Twenty-four (24), this Defendant denies same as stated and demands strict proof thereof. Further answering, this Defendant craves reference to the contents of said supplementary report for the most accurate evidence of what is contained therein.

14. That as to Paragraph Twenty-five (25), this Defendant only admits that he personally did not interview Plaintiff in specific connection with the January 30, 2013 events. Otherwise, this paragraph contains allegations against other Defendants upon information and belief, and therefore, requires no response by this Defendant. Further answering, this Defendant craves reference to the contents of the Individual Student Report for the most accurate evidence of what is contained therein.

15. That as to Paragraphs Twenty-six (26) and Thirty-six (36) and upon information and belief, this Defendant denies these paragraphs as stated and demands strict proof thereof.

16. That as to Paragraph Twenty-seven (27), Thirty-three (33), Thirty-four (34) and Thirty-five (35) and upon information and belief, this Defendant denies these paragraphs as stated and demands strict proof thereof. Further answering, this Defendant craves reference to the official records, transcripts, minutes and/or notes from the school administrative hearing for the best evidence of what is contained therein.

17. Paragraphs Twenty-eight (28), Twenty-nine (29), Thirty (30), Thirty-one (31), and Thirty-two (32) contain allegations against other Defendants upon information and

belief, and therefore, requires no response by this Defendant. Further answering, this Defendant craves reference to the official records, transcripts, minutes and/or notes from such school administrative hearing for the best evidence of what is contained therein. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

18. That as to Paragraph Thirty-seven (37), this Defendant alleges upon information and belief that the Plaintiff has set forth legal conclusions which can neither be admitted nor denied. To the extent that this paragraph contains factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

19. Upon information and belief, Paragraphs Thirty-eight (38), Thirty-nine (39), Forty (40), Forty-one (41), Forty-two (42), and Forty-three (43) contain allegations against other Defendants, and therefore, requires no response by this Defendant. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

20. That as to Paragraphs Forty-four (44) and Forty-five (45), this Defendant expressly denies these paragraphs and demand strict proof thereof.

21. Upon information and belief, Paragraphs Forty-six (46), Forty-seven (47), Forty-eight (48), Forty-nine (49), Fifty (50), Fifty-one (51), Fifty-two (52), Fifty-three (53), Fifty-four (54), Fifty-five (55), Fifty-six (56), and Fifty-seven (57) contain allegations against other Defendants, and therefore, requires no response by this Defendant. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

22. That as to Paragraphs Fifty-eight (58), Sixty-three (63), and Sixty-nine (69), this Defendant reasserts and realleges all previous allegations and defenses.

23. That as to Paragraphs Fifty-nine (59), Sixty (60), Sixty-four (64), and Seventy (70), this Defendant alleges upon information and belief that the Plaintiff has set forth legal conclusions which can neither be admitted nor denied. To the extent that these paragraphs contain factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

24. That as to Paragraphs Sixty-one (61), Sixty-two (62), Sixty-five (65), Sixty-six (66), Sixty-seven (67), Sixty-eight (68), Seventy-one (71) and Seventy-three (73), this Defendant categorically denies same and demands strict proof thereof.

25. Upon information and belief, Paragraph Seventy-two (72) contains allegations against other Defendants, and therefore, requires no response by this Defendant. To the extent that this paragraph contains factual allegations against this Defendant, this Defendant denies same and demands strict proof thereof.

26. Any and all allegations inconsistent with the foregoing are denied. Further, this Defendant asserts that the Plaintiff is not entitled to the relief requested in the Complaint, or any other relief against this Defendant.

## FOR A FOURTH DEFENSE

27. The Defendant Fields alleges that he is not a "person" within the meaning of 42 U.S.C. §1983 and, as such, is not subject to suit.

**FOR A FIFTH DEFENSE**

28. The Defendant Fields at no time violated any clearly established constitutional rights which were known or should have been known to him, and therefore, is entitled to immunity.

**FOR A SIXTH DEFENSE**

29. The Defendant Fields' actions were objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.

**FOR A SEVENTH DEFENSE**

30. To the extent that any state causes of action are asserted against him, this Defendant alleges that such claims brought by the Plaintiff are governed by the terms and conditions (including immunities and statutory limitations) applicable to claims against governmental entities and therefore plead the South Carolina Tort Claims Act, §15-78-10 *et seq.* Code of Laws of the State of South Carolina, 1976 as amended.

**FOR AN EIGHTH DEFENSE**

31. To the extent that the Plaintiff has asserted a state cause of action against this Defendant, the Defendant Fields alleges that at all relevant times he was acting within the course and scope of his official duties as a police officer, pursuant to lawful authority, and therefore is immune from suit pursuant to the South Carolina Tort Claims Act, South Carolina Code Ann. §15-78-70(c).

**FOR A NINTH DEFENSE**

32. To the extent that any state causes of action are asserted against him, this Defendant alleges that he is immune from any and all claims for punitive damages since such damages are not recoverable against a governmental entity under South Carolina

or Federal common law or under the South Carolina Tort Claims Act, §15-78-10 *et seq.* of the Code of Laws of the State of South Carolina, 1976 as amended.

## FOR A TENTH DEFENSE

33.  This Defendant, upon information and belief, alleges that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiff or the Plaintiff's negligence which is more than this Defendant's negligence, and that such is a complete bar to the Plaintiff's recovery herein.  Further, this Defendant, upon information and belief, alleges that if the Plaintiff's negligence was less than this Defendant's negligence, that such negligence should be compared to that negligence of this Defendant, so as to apportion the relative fault as to each party.

## FOR AN ELEVENTH DEFENSE

34.  This Defendant alleges that he is immune from suit and liability under the doctrine of sovereign immunity.

## FOR A TWELFTH DEFENSE

35.  This Defendant alleges upon information and belief, that at all times, he was acting in good faith and within the course and scope of their employment and official duties, and therefore, is immune from suit.

## FOR A THIRTEENTH DEFENSE

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendant Ben Fields, in his official capacity as a Richland County Deputy and School Resource Officer prays that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

                    DAVIDSON & LINDEMANN, P.A.

BY: *s/ Robert D. Garfield*
       ROBERT D. GARFIELD
       Federal I.D. No. 7799
       Post Office Box 8568
       Columbia, South Carolina 29202
       T: (803) 806-8222
       e-mail: rgarfield@dml-law.com

*Counsel for the Defendant Ben Fields, in his official capacity as a Richland County Deputy and School Resource Officer*

Columbia, South Carolina

December 13, 2013