IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Ashton James Reese, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 3:13-cv-03040-TLW |
| vs. ) | |
| ) | |
| Richland School District Two, Dr. Baron ) | **PLAINTIFF'S FIRST** |
| R. Davis, in his official capacity as ) | **AMENDED COMPLAINT** |
| principal of Spring Valley High School ) | |
| and in his individual capacity; Ben ) | (Jury Trial Demanded) |
| Fields, in his official capacity as a ) | |
| Richland County Sheriff's Deputy, and ) | |
| in his individual capacity; and Richland ) | |
| Two School Board members William R. ) | |
| Flemming, Jr., Barbara Specter; Monica ) | |
| Elkins-Johnson; Calvin Jackson; Susan ) | |
| Brill; Melinda Anderson; and James ) | |
| Manning, in their official and individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**NOW COMES** the Plaintiff, herein, complaining of the Defendants in his First Amended Complaint, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, who would respectfully allege, state, and show unto this Honorable Court as follows:

**STATEMENT OF SUBJECT MATTER JURISDICTION**

1.     This civil action is based upon the common law and statutes of the State of South Carolina, as well as the United States and South Carolina Constitutions and this Court

1

has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and § 1988 and 28 U.S.C. §§ 1331 and 1441(c) (Plaintiff expressly reserves the right to argue by separate motion his assertions that this action should be remanded to State court and/or that the Defendants have waived Eleventh Amendment Immunity by removing this action to the United States District Court).

### STATEMENT OF PERSONAL JURISDICTION AND VENUE

2.     This Court has personal jurisdiction over the Defendants as these Defendants are citizens and residents of Richland County, South Carolina.  Further these Defendants routinely and regularly conduct business and their public duties in Richland County, South Carolina.

3.     Venue is proper in the Columbia Division in that the claims arise from actions committed in this Division.

### STATEMENT OF THE PARTIES

4.     The Plaintiff is a citizen and resident of Richland County, State of South Carolina, and, at all times relevant herein, was a student enrolled at Spring Valley High School, which is a part of the Richland School District Two.

5.     The Defendant Richland School District Two is a governmental agency of the County of Richland, a political subdivision of the State of South Carolina.

6.     The Defendant Dr. Baron R. Davis is the principal of Spring Valley High School, and, at all times relevant herein, was acting in his official capacity as an employee of

2

Richland School District Two and Spring Valley High School and in his individual capacity.

7.     The Defendant Ben Fields is the School Resource Officer assigned to Spring Valley High School, and, at all time relevant herein, was acting in his official capacity as a deputy sheriff and employee of the Richland County Sheriff's Department, as well as a school resource officer for Spring Valley High School, and in his individual capacity.

8.     Defendant Richland School District Two Board members William R. Flemming, Jr., Barbara Specter, Monica Elkins-Johnson, Calvin Jackson, Susan Brill, Melinda Anderson, and James Manning, at all times relevant herein were acting in their official and individual capacities.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

9.     On or about February 13, 2013, Defendant Davis, as principal of Spring Valley High School, sent a letter to Dr. Katie Brochu, then Superintendent of Richland School District Two, suspending Plaintiff from the school and recommending Plaintiff for expulsion.

10.    Defendant Davis' stated grounds for the recommended expulsion of Plaintiff was for "unlawful assembly of gang activity and assault and battery."

11.    By letter dated February 14, 2013, Ms. Lottie S. Chishom ("Chishom"), Director of Student Services for Richland School District Two, informed Plaintiff's parents, Mr. and Mrs. Lamuel Taylor, that Plaintiff had been recommended for expulsion from school by Defendant Davis and, further, informing Plaintiff's parents of the date, time and location of Plaintiff's due process hearing.

12.     Chishom's letter also informed Plaintiff's parents of their right to have legal counsel "and all other legal rights, including the right to question all person presenting information at the due process hearing."

13.     The Defendants provided Plaintiff with some documents prior to his due process hearing as evidence purporting to support their decision to suspend and recommend Plaintiff for expulsion.

14.     Among the documents provided by the Defendants were Plaintiff's "Student Data Report," school transcript, discipline referral sheets, "Individual Student Report," "Overall School Administrative Summary," and Richland County Sheriff's Department Incident Reports.

15.     The Overall School Administrative Summary claims that "after a detailed investigative study," the school decided to suspend and recommend for expulsion "all of the students who were identified in the 'gang related activity' that took place in the Walmart parking lot near the school."

16.     The Summary contends that the school's decision was based on several factors, including the following:  (1) the affected students willfully participated in planning the gang-related activity on campus; (2) the students willfully participated in the gang-related meeting which was held right after school; (3) the news of the gang-related meeting created a tense atmosphere, especially during lunch in the days that followed the event; and (4) that Defendant Fields later learned that this same group of students attempted a gang "beat-in" at Spring Valley Apartments the day previous to this relevant event.

17.     Based upon the listed reasons, the school administration "determined that this incident had a direct impact on the school environment and first and foremost safety of the students at Spring Valley High School, thus leading to the schools recommendation for expulsion and charge of Breach of Peace."

18.     According to a Richland County Sheriff's Department Incident Report dated February 1, 2013, on January 30, 2013, Sheriff's Deputy J. Bradley, also a Spring Valley High School Resource Officer, was dispatched in reference to a "large crowd" gathered behind the Wal-Mart near Spring Valley High School.

19.     Deputy Bradley's report indicates that while he was responding to the scene, he stopped to question three males walking "about where they were going." The report continues that while questioning the three males, Deputy Bradley saw a group of "bystanders" near two large crates behind the Wal-Mart.

20.     According to Deputy Bradley, once he arrived behind the Wal-Mart, "the crowd then ran toward different direction and [he] observed three black males, without their shirts on, jump into a black in color Chevy Camero," which "fled the scene at a high speed." Deputy Bradley states that he was able to identify the three males as students of Spring Valley High School. Deputy Bradley further states that he observed a young male with a bloody nose and offered him medical assistance. That assistance was refused and the young male left in a cab, along with his sister.

21.     According to the Incident Report, Deputy Bradley returned the next day a retrieved the store's surveillance video for evidence of a fight.

22.     The Plaintiff was not identified or mentioned in Deputy Bradley's Incident Report.

5

For reasons unknown to Plaintiff, Deputy Fields "took over" the "investigation" of the January 30 incident in replacement of Deputy Bradley.

23. In a Supplementary Report, dated February 4, 2013, Defendant Fields states that the incident behind the Wal-Mart was a "huge gang fight." Fields states that the fight was an attempt to unite three separate gangs at the school. Fields also states in his report that Plaintiff "was also identified by no less than 4 sworn statements and was seen on camera fighting. He [Plaintiff] is also part of Top Flight [an alleged gang] through self-admission."

24. Defendant Fields further states that "all subjects listed were charged with Breach of Peace and warrants were signed on them."

25. Even though Plaintiff was never interviewed about this incident by Defendant Fields or any Spring Valley High School administrative personnel, the Individual Student Report claims that Plaintiff is a member of an alleged gang named "Top Flight" and is also a "self-admitted" member of the "FOLK" gang.

26. Plaintiff denies that he is a member of "Top Flight," "FOLK," "Folk Nation," or any other gang.

27. Plaintiff's due process hearing was held on two days. The first hearing day occurred on March 11, 2013 and the second day occurred on March 26, 2013. At the March 11 hearing, the school presented Ms. April Shell, Spring Valley High School Assistant Principal, as a witness. On March 26, the sole witness presented was Defendant Fields.

28. Ms. Shell's testimony revealed that the school's "investigation" of the January 30 incident was conducted primarily by Defendant Fields and the school's administrators'

6

role in the "investigation" was primarily as passive observers of some of Defendant Fields' interviews of students.

29. Ms. Shell was unable and unwilling to provide Plaintiff with the names of students or written statements of students who implicated Plaintiff in any way with participating in gang activity or organizing the January 30 incident.

30. Ms. Shell also testified that the "tense atmosphere" at the school the day after the January 30 incident consisted of a group of students who gathered near the school cafeteria and appeared to be talking about the fight. Shell further testified that those students calmly moved to lunch or class when instructed to do so by school personnel.

31. Ms. Shell's testimony revealed that there were no confrontations, threats, or fights at the school as a result of an off-campus fight on January 30.

32. Although due process required that Plaintiff have a unbiased, fair hearing officer, the hearing officer, Ms. Chishom, repeatedly attempted to and did interject answers to Plaintiff counsel's questions to Ms. Shell.

33. On March 26, Defendant Fields appeared as a school district witness.

34. Even though nearly all, if not all, of the information relied upon by Spring Valley High School to recommend expulsion of Plaintiff was gathered by Defendant Fields, he refused to provide names of students implicating Plaintiff or copies of written statements from students regarding the January 30 incident.

35. In fact, Defendant Fields stated that "his" files could only be reviewed if the Plaintiff was criminally charged and the request was made through the criminal discovery process.

36. At no time have the Defendants provided Plaintiff with the names of students who provided any information regarding this incident or with copies of written statements of students reviewed or considered by the Defendants prior to recommending Plaintiff for expulsion.

37. Defendants' failure and refusal to provide all information relied upon to recommend Plaintiff for expulsion violated his rights under S.C.Code Ann. § 59-63-230, which provides that students shall have the "right to legal counsel and to all other regular legal rights, including the right to question all witnesses."

38. Following the defective due process hearing, the hearing officer, Ms. Chishom, issued a decision agreeing with the recommendation of expulsion of Plaintiff from Spring Valley High School.

39. Plaintiff filed an appeal of the hearing officer's decision to the Richland School District Two Board. The Board considers decisions to expel a student in a semi-judicial capacity.

40. Without notifying Plaintiff, Plaintiff's parents, or Plaintiff's counsel of its meeting to consider the hearing officer's decision to expel Plaintiff, during a school board meeting, the Board allegedly reviewed the matter and voted to uphold the expulsion decision.

41. The Board's failure to provide notice and an opportunity to be heard to Plaintiff, violated Plaintiff's right to due process, as well as failed to meet the Board's duties as a semi-judicial body.

42. Upon information and belief, some students who were alleged to have participated in the January 30 off-campus fight were never suspended nor recommended for expulsion.

43.     Upon information and belief, among the students accused of participating in the January 30 off-campus fight, only Plaintiff has been denied the opportunity to return to Spring Valley High School, or another Richland School District Two high school, for the 2013-14 school year.

44.     Upon information and belief, Defendant Fields unfairly and recklessly targets African-American students with allegations of gang membership and criminal gang activity.

45.     Upon information and belief, Defendants routinely abdicate their roles and responsibilities as school administrators by deferring to Defendant Fields' bias and reckless allegations and behavior toward Plaintiff, other students, and parents.

46.     At the start of the 2013-14 school year, Richland School District Two informed the Plaintiff that he could not re-enroll at Spring Valley High School.  Instead, The school district required Plaintiff to attend its adult education program.

47.     Upon information and belief, the reason for the school district requiring Plaintiff to attend its adult education program is that he could not complete his required class credit for graduation prior to Plaintiff turning twenty-one (21) years of age.

48.     Upon information and belief, Plaintiff could, in fact, graduate prior to turning twenty-one (21) years of age if Spring Valley High School placed him in classes earning graduation credits, rather than continuing to rescheduling Plaintiff into non-graduation earning credit courses.

49.     Upon information and belief, the Defendants are still attempting to punish Plaintiff for challenging Plaintiff's suspension and expulsion at the end of the 2012-13 school year.

50. Defendant's continued discriminatory treatment of Plaintiff is arbitrary, capricious, and motivated by ill-will.

51. For example, on or about August 14, 2013, the Plaintiff was notified by Cleveland J.C. Smith ("Smith"), Executive Director of Administrative Services for Richland School District Two, that the Board of Trustees approved Plaintiff's readmission to Richland School District Two but only "for the purpose of attending the district's Adult Education Program."

52. Upon information and belief, the adult education program is an online program that requires only occasional visits to a physical site for purposes of taking class tests.

53. The adult education program requires the Plaintiff to pay the school district per credit hours for classes taken through that program.

54. Plaintiff has been denied the opportunity to either return to Spring Valley High School or to take free online classes through the school district's charter school program.

55. Upon information and belief, school district personnel have offered varying explanations for why Plaintiff has to attend the adult education program, including the explanation that Plaintiff would turn twenty (20) years old prior to achieving enough credit hours for graduation.

56. Upon information and belief, Plaintiff would achieve more that enough credit hours for graduation well before turning twenty (20) years of age if allowed to attend either Spring Valley High School or the school district's charter school program for free.

57. Upon information and belief, Plaintiff is receiving far harsher discipline than other similarly situated students have received in the past for similar offenses.

10

# FOR A FIRST CAUSE OF ACTION
## (Violation of Fourteenth Amendment Substantive and Procedural Due Process)

58.     Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

59.     Plaintiff has clearly established property interests in the right to attend a free public school.

60.     Plaintiff's property interests are protected by the Fourteenth Amendment of the U.S. Constitution and are enforceable against these Defendants through 42 U.S.C. § 1983.

61.     By failing to satisfy the all of the procedural requirements of S.C.Code Ann. § 59-63-230  and by failing to provide a meaningful opportunity to appear at an expulsion appeal hearing before the school board, the Defendants have denied Plaintiff his right to substantive and procedural due process under the Fourteenth Amendment to the U.S. Constitution.

62.     Plaintiff is entitled to actual and punitive damages for Defendants' violations of his procedural due process rights.

# FOR A SECOND CAUSE OF ACTION
## (Negligence)

63.     Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

64.     The Defendants are liable for their torts in the same manner and to the same extent as a private individual acting under like circumstances.

65.	At all times relevant to the treatment of Plaintiff, the Defendants have acted in a grossly negligent manner by failing to follow statutory requirements relating to the conduct of expulsion proceedings, by failing to provide a fair and impartial hearing officer, by failing to provide minimum and reasonable opportunity to be heard at the expulsion appeal hearing, and by continuing to deny Plaintiff readmission to a free public education.

66.	The Defendants failed to exercise even slight care in ensuring that Plaintiff was treated equally with all other similarly situated students and failed to exercise even slight care in protecting Plaintiff's substantive and procedural due process rights.

67.	The Defendants acted in a grossly negligent manner toward Plaintiff and have caused him past and ongoing harm.

68.	Plaintiff is entitled to actual damages for Defendants' grossly negligent conduct toward him.

## FOR A THRID CAUSE OF ACTION
**(Violation of Article 1, § 3 of the South Carolina Constitution)**

69.	Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

70.	Plaintiff has a constitutionally protected property interest in receiving a public education and in being treated in an equal and fair manner by these Defendants.

71.	At all relevant times, Defendants have acted to deprive Plaintiff of the opportunity to receive a free public education by conduct that is arbitrary, capricious, unlawful and in violation of Plaintiff's due process rights under the South Carolina Constitution.

72.	The Defendants lack any good faith basis to deny Plaintiff readmission to Spring Valley High School or the free charter school program and Defendants are acting

arbitrarily and on the basis of retaliation against Plaintiff for exercising constitutional and statutory rights. Defendants are also acting on the basis of ill-will and improper motivation against the Plaintiff.

73. The investigation, suspension, expulsion and denial of a fair appeal hearing denied the Plaintiff due process of the law and failed to provide the Plaintiff with equal treatment compared with similarly situated persons within Spring Valley High School and Richland School District Two.

74. Defendants' actions have denied the Plaintiff privileges and immunities guaranteed under the South Carolina Constitution, including due process of law and equal protection under the law.

75. Defendants' actions have caused Plaintiff past and ongoing harm and he is entitled to the recovery of actual damages.

### FOR A FOURTH CAUSE OF ACTION
### (Negligent Supervision)

76. Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

77. Defendant Baron R. Davis is the principal of Spring Valley High School and has overall responsibility for supervising all employees of the school as well as all disciplinary actions taken by the school against Spring Valley High School students.

78. Defendant Davis also has overall supervisory responsibility of any and all investigations by school personnel conducted for the purpose of considering and determining whether students have violated school or school district policies and, therefore, are subject to discipline by Spring Valley High School.

79.     Defendant Davis was required to ensure that any investigation of Plaintiff's alleged conduct, by or on behalf of Spring Valley High School, was conducted in a fair and competent manner.

80.     Acting in a grossly negligent manner, and abdicating even minimal supervisory responsibility, Defendant Davis' actions failed to prevent Plaintiff from being subjected to an incompetent, biased, and discriminatory investigatory and disciplinary process at Spring Valley High School.

81.     Defendant Davis' grossly negligent supervision of Defendant Fields and other personnel at Spring Valley High School caused Plaintiff past and ongoing injuries entitling Plaintiff to actual damages.

## FOR A FIFTH CAUSE OF ACTION
### (Civil Conspiracy)

82.     Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

83.     Defendant Fields, along with other Defendants and Richland School District Two personnel, engaged in a civil conspiracy for the purpose of injuring the Plaintiff.

84.     As a result of the civil conspiracy engaged in by these Defendants and other persons, the Plaintiff suffered special damages, including, but not limited to, damage to his reputation, exposure to criminal arrest and prosecution, possible inclusion into the State's gang database, out of pocket costs for high school courses, and having to transfer to a school outside Richland School District Two in order to escape retaliatory treatment by Spring Valley and Richland School District Two personnel.

3:13-cv-03040-MGL     Date Filed 01/02/14     Entry Number 10     Page 15 of 15

85.	Plaintiff is entitled to receive actual damages against these Defendants for the harm suffered as a result of Defendants' civil conspiracy.

**WHEREFORE**, Plaintiff respectfully prays for a jury trial of this matter; for actual and punitive damages, in the appropriate amount; for attorney's fees and the costs of this action; and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

THE LLOYD LAW FIRM, LLC

/s/ Reginald I. Lloyd

By:	_____
Reginald I. Lloyd, Esquire
715 West DeKalb Street
Post Office Box 1555
Camden, South Carolina  29021
803-432-0004 (phone)
803-432-0660 (fax)
lloydlaw3@gmail.com

Attorneys for the Plaintiff.

Camden, South Carolina

This 2nd day of January, 2014.

15