

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ASHTON JAMES REESE, § | |
|         Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:13-03040-MGL |
| § | |
| RICHLAND SCHOOL DISTRICT TWO; § | |
| DR. BARON R. DAVIS, in his official § | |
| capacity as principal of Spring Valley High § | |
| School; BEN FIELDS, in his official capacity § | |
| as a Richland County Sheriff's Deputy, and § | |
| in his individual capacity; Richland Two § | |
| School Board members WILLIAM R. § | |
| FLEMMING, JR., BARBARA SPECTER, § | |
| MONICA ELKINS-JOHNSON, CALVIN § | |
| JACKSON, SUSAN BRILL, MELINDA § | |
| ANDERSON, and JAMES MANNING, § | |
| in their official and individual capacities, § | |
|         Defendants. § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

This case was filed as a 42 U.S.C. § 1983 action. The Court has jurisdiction over the matter under 28 U.S.C. §§ 1331, 1343, and 1367. Pending before the Court are Defendants Richland School District Two, Dr. Baron R. Davis, William R. Flemming, Jr., Barbara Specter, Monica Elkins-Johnson, Calvin Jackson, Susan Brill, Melinda Anderson, and James Manning (School District Defendants)'s and Defendant Ben Fields's motions for summary judgment.   Having

carefully considered the motions, the response, the replies, the record, and the applicable law, it is the judgment of the Court that Defendants' motions for summary judgment will be granted.

**II.     FACTUAL AND PROCEDURAL HISTORY**

On January 30, 2013, Deputy Jamal Bradley, a Richland County Sheriff's Department Deputy assigned to serve as a School Resource Officer at Spring Valley High School (SVHS), was dispatched in reference to a report from a school employee regarding a group of students fighting at 10060 Two Notch Road, a Wal-Mart parking lot located less than 100 feet behind SVHS. ECF Nos. 35-2 Ex. C; 35-7 at 57; 35-8 at 10. Video surveillance later obtained from Wal-Mart depicted fifteen to twenty students punching, kicking, and stomping one another before Deputy Bradley arrived, at which time many of the students fled in cars or on foot. ECF Nos. 35-3 Exs. B, C; 35-6 at 20, 25-26. At the time of the fight, Plaintiff Ashton James Reese was eighteen years old and an eleventh grade student at SVHS, and he participated in the fight, remaining until Deputy Bradley arrived, whereupon Plaintiff likewise absconded the scene. ECF No. 36-3 at 23, 157, 160-61.

After responding to the scene, Deputy Bradley notified the SVHS administration of the incident, and following an investigation, the administration determined that Plaintiff and several other SVHS students willfully participated in a "gang" meeting earlier that day in the school cafeteria leading to the fight, causing a major disturbance in the school and surrounding community. ECF Nos. 35-3 at 6, 8-19; 35-7 at 22-23, 25-27, 49-53. Based on the administration's investigation, it found that the purpose of this meeting was to form one "gang" out of three smaller "gangs," and the ensuing fight resulted in at least one student sustaining an injury and receiving emergency medical treatment. ECF Nos. 35-8 at 34; 35-6 at 69; 35-11 at 141-43. Plaintiff admits that he was

2

involved in planning the fight in the cafeteria and actively participated in the fight, but he denies being involved in a gang or that the fight was gang-related; rather, he now contends that the students were participating in a "King of the Hill" game to see who could be the last one standing. ECF No. 35-6 at 19-22, 24-27, 69, 153-60.

On February 13, 2013, Defendant Davis, as principal of SVHS, suspended and recommended expulsion for Plaintiff and all of the other SVHS students who were identified in the fight in the Wal-Mart parking lot. ECF No. 10 at 3. According to the Overall School Administrative Summary, the school's decision was based on several factors, including: (1) "[t]he identified students involved willfully participated in planning the gang-related activity on campus" during their lunch period in the school cafeteria; (2) "[t]he identified students involved willfully participated in the gang-related meeting which was held right after school," within 100 feet of the campus, (3) although the incident took place off campus, it "created a major disturbance as students and teachers [were] leaving school," as "there were students in a crowd rushing to view the activity and then came back on campus"; (4) a teacher who observed the incident had to call 911; and (5) "[t]he news of the gang-related meeting created a tense atmosphere" on campus, "especially during lunch" in the cafeteria in the days following the incident. ECF No. 35-3 Ex. C. Law enforcement also charged the students involved with Breach of Peace. ECF No. 35-8 at 59-60.

Richland School District Two has established a Code of Conduct for all District students, and, importantly, the rules apply to any student "whose conduct at any time or in any place has a direct and immediate effect on maintaining order and discipline in the schools." ECF No. 35-4 Ex. A. The Code of Conduct expressly prohibits fighting, assault, battery, unlawful assembly, disturbing the schools, inappropriate physical conduct, and other disruptive acts, and these types of violations

3

can result in expulsion. *Id.* Additionally, under its "Policy JICF Secret Societies/Gang Activity," the District prohibits the presence and activities of gangs on or near school property and at school-sponsored events. *Id.* The policy defines a "gang" as "any non-school sponsored group, possibly of secret and/or exclusive membership, whose purpose or practices include the commission of illegal acts, the violation of school rules, the establishment of territory or 'turf,' or any other action which threatens the safety or welfare of others." *Id.* In this policy, the District has found that

> Gangs that initiate or advocate activities [that] threaten the safety and well-being of persons or their possessions anywhere on or near school property or at school-sponsored events are harmful to the educational purposes of the district. Gang incidents involving recruitment, initiation, hazing, wearing of colors or other gang indicators, threats and intimidation, fighting or establishment of "turf or territory" on school property or at any school-sponsored event are likely to cause intimidation or fear, bodily danger, physical harm or personal degradation or disgrace resulting in physical and mental harm to students.

*Id.* The Code of Conduct and "Policy JICF Secret Societies/Gang Activity" are codified in school handbooks distributed annually to students, and Plaintiff acknowledges receiving these handbooks and being aware of these policies. *Id.*; ECF No. 35-6 at 184.

Prior to the administration's recommendation that Plaintiff be expelled, the administration tried several times to contact Plaintiff and his parents without success, as Plaintiff skipped school and neglected to return to home or school for several days following the incident. ECF Nos. 35-6 at 33-36; 35-11 at 10-13, 25, 28-31. On February 14, 2013, Plaintiff and his parents were notified by letter of Plaintiff's rights and that Plaintiff's due process hearing was scheduled for February 28, 2013, before Hearing Officer Lottie Chishom. ECF No. 35-11 Ex. 3. Plaintiff then obtained legal counsel and, through his attorney, obtained a continuance of the hearing until March 11, 2013. ECF No. 35-2 ¶ 3, Ex. B.

4

Plaintiff's due process hearing commenced on March 11, 2013, and after about two hours, Plaintiff's counsel requested additional time and the opportunity to cross-examine Defendant Fields, who led the criminal investigation of the underlying incident. *Id.* ¶¶ 10-11. The Hearing Officer granted the request, postponing the hearing until March 26, 2013. *Id.* When the hearing resumed, the administration presented testimony and written documentation as evidence, but Plaintiff failed to provide any evidence. *Id.* ¶ 7, Exs. C, D.

Following the hearing, the Hearing Officer found that the evidence established the factual scenario related above, and she upheld the administration's recommendation to expel Plaintiff for the remainder of the 2012–2013 school year. *Id.* ¶ 12, Ex. E. The Hearing Officer noted that the testimony proffered by the administration supported the violation of District policy relating to gang activity, assault, and battery. *Id.* She also explained that although she considered the testimony of Defendant Fields, there was sufficient evidence to make her determination without Defendant Fields' testimony. *Id.*; ECF No. 35-10 at 15, 17. Subsequently, Plaintiff was notified of the Hearing Officer's ruling and his right to appeal the decision to the Richland School District Board of Trustees (Board). ECF No. 35-2 ¶ 12, Ex. E.

On April 17, 2013, Plaintiff's counsel notified the Board of Plaintiff's wish to appeal the expulsion recommendation of the Hearing Officer. ECF No. 35-4 ¶¶ 6-7, Ex. D. On April 23, 2013, the Board convened to consider Plaintiff's expulsion appeal. *Id.* ¶ 8. After deliberating, the Board determined that there was substantial evidence to uphold the expulsion recommendation, so the Board denied Plaintiff's appeal and voted to uphold the Hearing Officer's recommendation of expulsion. ECF Nos. 35-9 at 17; 35-4 ¶ 8, Ex. E. Plaintiff was notified of this decision by letter dated April 24, 2013. ECF No. 35-4 ¶ 8, Ex. E. Plaintiff then submitted to the Board a request for

5

readmission to the District for the following school year, 2013–2014. ECF No. 35-6 Ex. 1. Upon considering a number of factors, the Board voted to allow Plaintiff to return to the District and enroll in the Rogers Adult Education Center, where he could graduate and obtain his high school diploma, but Plaintiff instead enrolled in the Wil Lou Gray Opportunity School and obtained a GED. ECF Nos. 35-9 at 27-30; 35-4 ¶ 9, Ex. F; 35-7 at 37-47; 35-3 Ex. D; 35-11 at 77; 35-6 at 12.

Plaintiff brought the underlying action in the Richland County Court of Common Pleas, and Defendants timely removed the case to this Court. ECF No. 1. Plaintiff then filed a motion to remand the case to state court, ECF No. 4, which this Court denied, ECF No. 16. Prior to this Court's Order denying the motion to remand, Plaintiff filed an Amended Complaint against Defendants alleging five causes of action: (1) Violation of Fourteenth Amendment Substantive and Procedural Due Process; (2) Negligence; (3) Violation of Article I, § 3 of the South Carolina Constitution; (4) Negligent Supervision; and (5) Civil Conspiracy. ECF No. 10 at 11-14.

The School District Defendants filed a motion for summary judgment on April 8, 2015, and Defendant Fields filed a motion for summary judgment that same day. ECF No. 35; ECF No. 36. The Court, having been fully briefed on the relevant issues, is now prepared to make a determination on the merits of the motions.

### III.   CONTENTIONS OF THE PARTIES

In their motion for summary judgment, the School District Defendants first allege that Plaintiff is unable to establish the essential elements to support a claim for violation of Fourteenth Amendment substantive and procedural due process. They next propound that Plaintiff's claim for negligence must be dismissed because the gross negligence standard applies, and the School District

Defendants exercised at least slight care. Third, they contend that Plaintiff's claim of a violation of Article I, § 3 of the South Carolina Constitution must fail because Plaintiff has neglected to show that the School District Defendants' actions were arbitrary or that Plaintiff was the subject of purposeful discrimination. Fourth, the School District Defendants aver that Plaintiff is incapable of prevailing on his negligent supervision claim under the gross negligence standard. Fifth, they posit that Plaintiff has failed to produce any evidence regarding specific intent, a mutual meeting of the minds, or special damages, and thus, his civil conspiracy claim must be dismissed as well. The School District Defendants also maintain that Plaintiff's contention that the students were playing "King of the Hill" is insufficient to survive summary judgment, and they state that the individual defendants are entitled to qualified immunity.

In his separate motion for summary judgment, Defendant Fields raises several of the same arguments as the School District Defendants, specifically those relating to Plaintiff's procedural and substantive due process claim and the civil conspiracy claim. Defendant Fields additionally claims that he is entitled to qualified immunity from all liability, and alternatively, that he is entitled to employee immunity under the South Carolina Tort Claims Act. He finally insists that Plaintiff's cause of action under Article I, § 3 of the South Carolina Constitution must fail because a plaintiff is unable to assert a private right of action for civil damages under the state constitution.

Instead of responding to the arguments raised by the School District Defendants or Defendant Fields in their motions for summary judgment, Plaintiff proclaims that there is a genuine issue of material fact regarding whether the fight was a "King of the Hill" contest or whether the fight involved gang activity, and he declares that summary judgment should be denied on this ground. Plaintiff also charges that the Defendants manufactured evidence to fit a particular version

of the underlying incident and have failed to produce any interview notes or memoranda of any student interviews. Additionally, Plaintiff accuses Defendant Fields of forging two student statements, which Defendant Fields testified about during the expulsion hearing.

## IV.     DISCUSSION AND ANALYSIS

### A.     Plaintiff's Procedural and Substantive Due Process Claims

As observed above, Defendants first argue that Plaintiff's claims for a violation of his Fourteenth Amendment procedural and substantive due process rights must fail as a matter of law. Plaintiff alleges that Defendants violated his procedural and substantive due process rights by failing to satisfy all of the procedural requirements of S.C. Code Ann. § 59-63-230 and by failing to provide a meaningful opportunity to appear at an expulsion hearing before the Board. ECF No. 10 at 11. To properly state a claim for a violation of procedural due process, Plaintiff must show that (1) he had a property interest in attending SVHS or Richland School District Two (2) of which Defendants deprived Plaintiff (3) without due process of law. *See Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005). On the other hand, to state a claim for a violation of substantive due process, Plaintiff must demonstrate that (1) he had a property interest in attending SVHS or Richland School District Two, (2) Defendants deprived him of this property interest, and (3) Defendants' actions fall "'so far beyond the outer limits of legitimate governmental authority that no process could cure the deficiency.'" *See id.* (quoting *Sylvia Dev. Corp. v. Calvert Cty., Md.*, 48 F.3d 810, 827 (4th Cir. 1995)). Under the undisputed facts of this case, Plaintiff's procedural and substantive due process claims fail as a matter of law.

Plaintiff points to S.C. Code Ann. § 59-63-230 as the relevant statute imposing procedural requirements regarding Plaintiff's suspension and expulsion. That statute provides:

> When a pupil is suspended from a class or a school, the administrator shall notify, in writing, the parents or legal guardian of the pupil, giving the reason for such suspension and setting a time and place when the administrator shall be available for a conference with the parents or guardian. The conference shall be set within three days of the date of the suspension. After the conference[,] the parents or legal guardian may appeal the suspension to the board of trustees or to its authorized agent.

*Id.* However, this statute does not cover the required procedures for expulsions. The relevant statute outlining the procedures for student expulsion states:

> The board may expel for the remainder of the school year a pupil for any of the reasons listed in § 59-63-210. If procedures for expulsion are initiated, the parents or legal guardian of the pupil shall be notified in writing of the time and the place of a hearing either before the board or a person or committee designated by the board. At the hearing the parents or legal guardian shall have the right to legal counsel and to all other regular legal rights including the right to question all witnesses. If the hearing is held by any authority other than the board of trustees, the right to appeal the decision to the board is reserved to either party. The hearing shall take place within fifteen days of the written notification at a time and place designated by the board and a decision shall be rendered within ten days of the hearing. The pupil may be suspended from school and all school activities during the time of the expulsion procedures. The action of the board may be appealed to the proper court. The board may permanently expel any incorrigible pupil.

S.C. Code Ann. § 59-63-240.

The United States Supreme Court has also addressed procedural due process in the school discipline context, requiring that a student be given (1) notice of the charges against him, (2) an explanation of the evidence, and (3) an opportunity to present his side of the story. *Goss v. Lopez*, 419 U.S. 565, 581 (1975). Although the Court limited its holding in *Goss* to short-term suspensions of ten days or less, other courts have stated that it "nevertheless establishes the *minimum* requirements for long-term expulsions as well." *Newsome v. Batavia Local Sch. Dist.*, 842 F.2d 920,

9

927 (6th Cir. 1988). Additionally, the South Carolina Supreme Court has held that the procedures outlined in S.C. Code Ann. § 59-63-240 are constitutionally sufficient for procedural due process claims in the student expulsion context. *Stinney v. Sumter Sch. Dist. 17*, 707 S.E.2d 397, 399 (S.C. 2011). Finally, when reviewing the Board's decision to uphold Plaintiff's expulsion, the Court uses the substantial evidence standard to determine whether the Board's decision violated Plaintiff's substantive due process rights. *See Ferguson v. Thomas*, 430 F.2d 852, 858 (5th Cir. 1970) ("If the procedures followed [by the school Board] were correct and substantial evidence appears to support the Board's action, that ordinarily ends the matter."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Petersburg Cellular P'ship v. Bd. of Supervisors of Nottoway Cty.*, 205 F.3d 688, 694 (4th Cir. 2000) (internal quotation marks omitted).

Based on the undisputed facts of this case, Defendants complied with the statutory and constitutional requirements for procedural and substantive due process. Defendants followed the statutory procedures mandated in S.C. Code Ann. § 59-63-240, and the Court holds that the Board's decision to uphold Plaintiff's expulsion was based on substantial evidence. As noted above, in his response to School District Defendants' and Defendant Fields's motions for summary judgment, Plaintiff declined to contest Defendants' arguments as to why his procedural and substantive due process claims fail as a matter of law, but rather merely raised the argument that the fight in the Wal-Mart parking lot was part of a "King of the Hill" game rather than gang activity. The Court agrees with Defendants' arguments regarding the procedural and substantive due process claims, and declines the invitation to discuss them further here. Plaintiff's claims for violation of his Fourteenth Amendment procedural and substantive due process rights therefore fail as a matter of law.

### B.     Plaintiff's Remaining State Law Claims

Upon finding that Plaintiff's federal claims fail as a matter of law, the Court must then determine whether it should exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).  "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  *Id.* § 1367(c)(3)-(4).  As noted by the Fourth Circuit Court of Appeals, "Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353-54 (1988)).  In exercising this discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Cohill*, 484 U.S. at 350 n.7).  In the event a court declines to exercise supplemental jurisdiction, the "period of limitations" for remaining claims "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C. § 1367(d).

After dismissing Plaintiff's claims arising under federal law, Plaintiff's remaining claims alleging negligence and negligent supervision against the School District Defendants, violation of Article I, § 3 of the South Carolina Constitution, and civil conspiracy all arise under South Carolina law.  Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction

11

over Plaintiff's remaining state law claims because it has dismissed all claims over which it has original jurisdiction.

Here, the Court is unable to find that the parties would be inconvenienced or unfairly prejudiced by declining to exercise supplemental jurisdiction over the remaining claims, nor does the Court find there to be any underlying issues of federal policy involved in Plaintiff's state law claims. The Court holds the comity factor to be of no moment in this determination, and considerations of judicial economy demand the Court decline to exercise supplemental jurisdiction. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Even if the Court were to exercise supplemental jurisdiction over Plaintiff's claims, they would fail as a matter of law.

### C.    Plaintiff's Response to the Motions for Summary Judgment

As noted above, in his response in opposition to Defendants' motions for summary judgment, Plaintiff, instead of addressing the issues raised by Defendants, argues that a genuine issue of material fact exists in that there is a dispute as to whether the fight in the Wal-Mart parking lot was gang-related or whether it was a "King of the Hill" game. ECF No. 54 at 6. He also claims that Defendant Fields forged student statements regarding the incident and bases this claim on newly-filed affidavits from the students who provided these statements. *Id.* at 7. Further, Plaintiff contends that summary judgment should be denied because Defendants failed to produce non-redacted documents prior to his expulsion hearing. *Id.* at 8.

Nevertheless, Plaintiff has failed to show a genuine issue of material fact sufficient to withstand Defendants' motions for summary judgment. First, Plaintiff's characterization of the incident in the Wal-Mart parking lot as a "King of the Hill" game rather than gang activity fails to

provide a genuine issue of material fact sufficient to withstand summary judgment. As observed above, the District's policy defines a gang as "any non-school sponsored group, possibly of secret and/or exclusive membership, whose purpose or practices include the commission of illegal acts, the violation of school rules, the establishment of territory or 'turf,' or any other action which threatens the safety or welfare of others." ECF No. 35-4 Ex. A. The facts of this case establish that Plaintiff participated in a secret plan, engaged in physical assault and battery in the Wal-Mart parking lot less than 100 feet from SVHS, and consequently caused a disturbance in SVHS. ECF No. 35-2 Ex. E. Therefore, the issue of whether Plaintiff was a gang member or the incident was gang-related is inconsequential to the result reached in Plaintiff's expulsion hearings. Plaintiff participated in creating a substantial disruption to the school environment and posed a threat to the safety or welfare of SVHS students, *id.*, and, therefore, the issue of whether the incident involved gang activity is moot and insufficient to withstand summary judgment.

Second, his allegation that Defendant Fields forged the student statements is inconsequential to the decisions made by the Hearing Officer and the Board. Regardless of whether Defendant Fields forged any student statements, the Hearing Officer noted in her decision that there was sufficient evidence to recommend expulsion without Defendant Fields' testimony. *Id.* ¶ 12, Ex. E; ECF No. 35-10 at 15, 17. Thus, even if these allegedly forged student statements were excluded, the Hearing Officer would still have recommended expulsion of Plaintiff.

Finally, Defendants' failure to provide Plaintiff with non-redacted documents prior to his expulsion hearing was nonviolative of his due process rights. Federal courts have found that the use of anonymous witness statements at high school expulsion hearings is consistent with the principles of due process. *Newsome*, 842 F.2d at 924-25; *Brewer ex rel. Dreyfus v. Austin Indep. Sch. Dist.*,

779 F.2d 260, 263 (5th Cir. 1985).  Consequently, Defendants' failure to furnish non-redacted documents prior to Plaintiff's expulsion hearing neither violated his due process rights nor raises an issue of material fact sufficient to defeat summary judgment.

Given that these holdings are dispositive of the case, the Court will abstain from considering the parties' remaining arguments.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendants' motions for summary judgment are hereby **GRANTED**.

**IT IS SO ORDERED**.

Signed this 17th day of December, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
